UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB LEE HAUGHTON,<br>Petitioner<br>v.<br>STUART SHERMAN,<br>Respondent. | Case No. EDCV 16-251-DOC (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition ("Petition") and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

In his briefing filed before the Report issued, Petitioner claimed to be unable to obtain copies of his mental health records. Somehow, now that the Report has issued, he is able to produce various mental health records, which he has appended to the Objections. In addition, Petitioner appends to the Objections the declaration of another prisoner who, while conceding that he is not medically trained, opines that Petitioner has "some form of mental disease/disorder."

A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).  The Court has exercised its discretion to consider this belatedly submitted evidence, but concludes that it does not affect or alter the analysis and conclusions set forth in the Report.  The third party prisoner's opinion that Petitioner suffers from an unspecified mental health issue is not competent to establish anything but, in any event, the Report's analysis of the equitable tolling issue rests on the assumption (despite the paucity of evidence then produced by Petitioner) that Petitioner *does* have some form of mental health issue. The belatedly proffered mental health records – which pre-date the relevant limitations period – are consistent with the assumptions made by the Magistrate Judge and with the evidence establishing that, notwithstanding his mental health issue, Petitioner plainly understood the need to take timely action and was able to seek habeas relief, even if he did so through the assistance of others.  Nothing in the arguments in, or documents appended to, the Objections alters the conclusion that equitable tolling is not available in this case.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report.  Accordingly, **IT IS ORDERED** that: (1) the motion to dismiss is GRANTED; (2) the Petition is dismissed as untimely; and (3) Judgment shall be entered dismissing this action with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATE: December 7, 2016

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE